**Darrell E. NELSON, Plaintiff,**

v.

**Louis W. SULLIVAN, M.D., Secretary of Health and Human Services, Defendant.**

**No. 5–90 CIV 33.**

United States District Court, D. Minnesota, Fifth Division.

April 23, 1991.

---

**1348**

Lionel H. Peabody, Duluth, Minn., for plaintiff.

Mary J. Atmore, Asst. U.S. Atty., Minneapolis, Minn., for defendant.

## ORDER

ALSOP, Chief Judge.

This matter comes before the court upon the objections of the Secretary of Health and Human Services ("Secretary") to Magistrate Judge Patrick J. McNulty's report and recommendation dated December 31, 1990. The magistrate judge's report and recommendation is subject to *de novo* review by this court. 28 U.S.C. § 636(b)(1)(B); Fed.R.Civ.P. 72(b).

## I. BACKGROUND

The facts of this case are comprehensively set forth in the magistrate judge's report and recommendation and need not be fully repeated here. Plaintiff initially applied for Supplemental Security Income ("SSI") on March 10, 1987, alleging an onset of disability in August, 1979, due to arthritis. Plaintiff's claim was denied initially and upon reconsideration, and a request for hearing was dismissed. On August 29, 1988 plaintiff again applied for SSI, alleging a disability onset date of August 31, 1979, due to arthritis and sleep apnea. This claim was denied initially and upon reconsideration, and an administrative hearing was held on July 26, 1989. On September 22, 1989, the Administrative Law Judge ("ALJ") found that plaintiff was capable of performing a limited range of sedentary work, and denied the application. A request for review was filed, and the Appeals Council received and considered additional evidence. On February 27, 1990 the Appeals Council concluded that there was no basis upon which to grant review, denied the request, and ruled that the ALJ's decision stood as the final decision of the Secretary. The present action was commenced on March 27, 1990.

## II. STANDARD OF REVIEW

The Secretary's decision must be affirmed if it is supported by substantial evidence on the record as a whole. *Gavin v. Heckler*, 811 F.2d 1195, 1199 (8th Cir. 1987); *Brock v. Secretary of Health & Human Services*, 791 F.2d 112, 114 (8th Cir.1986). Substantial evidence is relevant evidence that a reasonable mind would accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971); *Parsons v. Heckler*, 739 F.2d 1334, 1339 (8th Cir.1984). However, when an administrative decision is reviewed, contradictory evidence must be considered and balanced against that which supports the Secretary's decision. *Gavin*, 811 F.2d at 1199.

The Secretary has promulgated an evaluation process by which to determine wheth-

er a claimant is disabled. 20 C.F.R. § 416.920. The claimant must first prove that he or she has not engaged in substantial gainful activity since the alleged onset date of the disability. The claimant must then demonstrate that he or she has a medically severe impairment. The ALJ must then determine whether the alleged impairment meets or equals the severity of an impairment in the listing of impairments. If the alleged impairment does not meet or equal a list of impairments, the claimant must prove he or she is unable to perform past relevant work. If the claimant cannot perform past relevant work, the burden of proof shifts to the Secretary to show that the claimant can perform other jobs existing in significant numbers in the national economy. The ALJ makes this determination based upon the claimant's residual functional capacity, age, education, and work experience. A claimant's residual functional capacity refers to the retained ability to work despite mental and physical impairments, and is determined based upon medical and lay evidence. 20 C.F.R. § 416.945.

The ALJ found first that the plaintiff was not engaging in substantial gainful activity. He then concluded that the claimant had not demonstrated that his impairments met or equaled a listed impairment. The ALJ then went on to find that claimant was unable to perform his past relevant work. Nonetheless, the ALJ found that the claimant was not disabled because he had a residual functional capacity to perform other jobs existing in significant numbers in the national economy.

The Appeals Council reviewed the ALJ's decision. In so reviewing it, the Council received and considered additional evidence including a report from Dr. Paul J. Windberg. It decided that neither the contentions of the claimant, nor the additional evidence in the form of Dr. Windberg's report provided a basis for changing the ALJ's decision.

As the new evidence before the Appeals Council related to plaintiff's sleep apnea condition from the period of May 20, 1987 through April of 1989, the magistrate

judge first addressed the issue of whether the claimant's condition was medically equivalent to a listed impairment. The magistrate judge concluded that the Appeals Council's decision that plaintiff's condition did not meet a listed impairment was not supported by substantial evidence on the whole.

In the event that this court disagreed and found substantial evidence to support the Appeals Council's decision, and because the magistrate judge had yet to discuss the plaintiff's disability subsequent to April, 1989, the magistrate judge went on to discuss whether the ALJ's decision that the claimant was not disabled was supported by substantial evidence on the record as a whole. The magistrate judge concluded that this decision was not supported by substantial evidence on the record as a whole for two reasons. First, he found that the ALJ's credibility determination was not sufficiently explicit. In addition, the magistrate found that the vocational expert's testimony as to claimant's residual functional capacity and ability to perform other work was not supported by substantial evidence on the record as a whole. Consequently, the ALJ recommended that plaintiff's motion for an order granting summary judgment be granted.

## III. ANALYSIS

█ The Secretary first objects to the magistrate judge's decision that the plaintiff's sleep apnea was equivalent to a listed impairment from May 20, 1987 to April of 1989. In finding that plaintiff's sleep apnea met or was equivalent to section 11.03 of the listings of impairments, the magistrate judge relied upon Dr. Windberg's opinion that plaintiff's impairment was "equivalent in medical severity" to section 11.03 of the listings. The Secretary argues that the Appeals Council properly rejected Dr. Windberg's opinion and was correct in determining that plaintiff's condition did not meet or equal a listed impairment. This court agrees that the Appeals Council properly rejected Dr. Windberg's opinion as decisions concerning medical equivalency are the responsibility of a physician designated by the Secretary, and two such physi-

cians concluded that plaintiff's condition did not meet or equal a listed impairment. 20 C.F.R. § 416.926.[1] Thus, as the court finds the Appeals Council's decision on this matter was supported by substantial evidence on the record as a whole, it will not grant summary judgment as to disability to the plaintiff on this ground.

■ The Secretary next objects to the magistrate judge's conclusion that substantial evidence did not support the ALJ's finding that plaintiff's subjective complaints were not fully credible. After review of the ALJ's decision, the court agrees with the Secretary that the ALJ's finding as to credibility was sufficiently explicit; the ALJ expressly found plaintiff's testimony "not fully credible" and he discussed all of the factors that reflected on plaintiff's credibility consistent with the applicable law. *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir.1984).

Specifically, the ALJ found that plaintiff's symptoms and alleged functional limitations were not consistent with the medical evidence of record that documented conservative treatment and relatively minimal corroborative evidence of impairment. The ALJ also noted plaintiff's failure to take any medications other than Tylenol despite his allegations of chronic excruciating pain, and plaintiff's failure to follow his doctors' instructions to lose weight despite the fact that his doctors considered plaintiff's obesity responsible for many of his symptoms, and plaintiff's testimony of his daily activities. Plaintiff's complaints were inconsistent with the evidence in the record as a whole and the ALJ was entitled to find them not fully credible. The ALJ made an express credibility finding and set forth inconsistencies that led to his conclusion. The court thus finds that the ALJ's credibility finding was supported by substantial evidence and, as such, will not reverse the ALJ on this matter.

■ Finally, the Secretary objects to the magistrate judge's report that the ALJ erred in relying upon the testimony of the vocational expert at plaintiff's hearing. The ALJ found that plaintiff was capable of performing a limited range of sedentary work, and that plaintiff was not disabled because vocational testimony identified a significant number of jobs plaintiff could perform. After review of the vocational expert's testimony, the court finds it was sufficient for the ALJ to rely upon in determining that plaintiff was not disabled. Therefore the vocational expert's testimony provided substantial evidence for the ALJ to conclude that the plaintiff was not disabled. Accordingly, the court will deny plaintiff's motion for summary judgment and affirm the Secretary's final decision denying plaintiff's application for SSI.

Accordingly, upon all the files, records, and proceedings herein,

IT IS HEREBY ORDERED That:

1. Plaintiff's motion for summary judgment is DENIED;

2. Defendant's motion for summary judgment is GRANTED; and

3. The Clerk of Court shall enter judgment as follows:

IT IS ORDERED, ADJUDGED AND DECREED That the complaint of plaintiff Darrell E. Nelson is dismissed in its entirety and that he have and recover nothing by his action.

---

1. The magistrate judge notes that these doctors' opinions do not specifically mention section 11.-03 of the listings. However, the signatures of state agency staff positions Dr. Henry and Dr. Luh on the disability determination and transmittal forms finding plaintiff not disabled, indicate that the issue of medical equivalence had been considered. *See Fox v. Heckler*, 776 F.2d 738, 742 (7th Cir.1985).