Paul VALDEZ, Plaintiff,

v.

Kenneth S. APFEL, Commissioner
of Social Security, Defendant.

No. 99–B–2262.

United States District Court,
D. Colorado.

July 17, 2000.

———

James M. Anderson, Anderson & Lopez,
P.C., Colorado Springs, CO, for plaintiff.

Michael E. Hegarty, Assistant U.S. At-
torney, United States Attorney's Office,

Denver, CO, Yvette G. Keesee, Special Assistant U.S. Attorney, Office of the General Counsel, Social Security Administration, Denver, CO, for defendant.

## MEMORANDUM OPINION AND ORDER

BABCOCK, Chief Judge.

Plaintiff Paul Valdez appeals Defendant's final administrative decision denying him disability benefits. The issues are fully briefed and argued. Jurisdiction is proper under 42 U.S.C. § 405(g). For the reasons set forth below, I remand the Commissioner's decision.

### I. Statement of the Case

Mr. Valdez filed an application for disability benefits on April 9, 1996 under 42 U.S.C. § 401–33. He alleged an onset date of November 21, 1995. His claim was initially denied, as was his November 11, 1996 request for reconsideration. Mr. Valdez requested and was granted a hearing before Administrative Law Judge ("ALJ") Anderson, held on February 9, 1998. On April 22, 1998 ALJ Anderson issued a written ruling denying Mr. Valdez's claim. Mr. Valdez requested a review of that decision on June 16, 1998. The Appeals Council denied his request on September 28, 1999. Mr. Valdez filed this complaint seeking review of the Commissioner's

### II. Statement of Facts

Mr. Valdez was forty-six years old as of the ALJ's final decision. He served in the United States Navy from 1970 to 1978. After his discharge he worked at a variety of jobs until November of 1995, including as a grocery store manager, an accountant, a public service coordinator, and a substitute teacher. He has not worked since November of 1995.

Mr. Valdez has had health problems since the 1970's. In 1995 he alleged disability based on: (1) back pain stemming from degenerative disc disease of the lumbrosacral spine; (2) degenerative arthritis of the left knee; (3) left shoulder pain stemming from impingement syndrome; and (4) psychological problems including depression and post traumatic stress disorder stemming from his participation in dental identification procedures on burn victims while in the Navy. He has received a variety of therapies for his ailments, including back surgery in October 1985 and June 1986, arthroscopic knee surgery and an open meniscectomy in 1994 and 1995, acromioplasty on the left shoulder in September 1995 followed by physical therapy, and psychotherapy and psychotropic medications at various times since 1974.

The ALJ determined that none of these injuries or illnesses, separately or in combination, resulted in disability. Mr. Valdez argues this decision was erroneous because: (1) the ALJ failed to find Mr. Valdez's impairment met the level of severity required by Subsection 1.05(C) of the Listing of Impairments at Appendix 1 of Subpart P, Regulations No. 4; and (2) the ALJ gave inappropriate weight to various medical opinions.

### III. Standard of Review

I review the Commissioner's decision only to determine whether it is supported by substantial evidence and correct legal standards. *See Hawkins v. Chater,* 113 F.3d 1162, 1164 (10th Cir.1997). "Substantial evidence is more than a scintilla, but less than a preponderance; it is such evidence that a reasonable mind might accept to support the conclusion." *Campbell v. Bowen,* 822 F.2d 1518, 1521 (10th Cir. 1987) (citing *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971)). "Although the court cannot reweigh the evidence or substitute its judgment for that of the agency, 'there must be sufficient relevant evidence in the record that a reasonable person might deem adequate to support the ultimate conclusion.'" *Ricketts v. Apfel,* 16 F.Supp.2d 1280, 1287 (D.Colo.1998) (citations omitted). If I find that the ALJ's determination is overwhelmed by other evidence in the record, it is not based upon substantial evidence. *See id.*

Disability is defined under the Social Security Act as the "inability to engage in

any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 416(i)(1). The Secretary developed a five-step sequential analysis to evaluate whether a claimant suffers from a disability for purposes of claims for supplemental security income and insurance benefits. *See* 20 C.F.R. §§ 416.920, 404.1520; *Bowen v. Yuckert*, 482 U.S. 137, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987).

> (1) whether the claimant is currently working; (2) whether the claimant suffers from a severe impairment; (3) whether the impairment meets an impairment listed in appendix 1 of the relevant regulation; (4) whether the impairment prevents the claimant from continuing his past relevant work; and (5) whether the impairment prevents the claimant from doing any kind of work.

*Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir.1992). If the ALJ finds at step one, two, or four that a person is not disabled, the review ends. *See id.* Conversely, a claimant who satisfies steps one, two, and three is entitled to benefits. *Williams v. Bowen*, 844 F.2d 748, 750–52 (10th Cir.1988). Otherwise, in order to qualify for benefits, the claimant must establish step four, and then rebut the government's showing with respect to step five. *Id.* (indicating that at step five the burden of proof switches to the government).

The ALJ in Mr. Valdez's case followed the *Musgrave* analysis and terminated the review at step four by concluding that Mr. Valdez has the residual functional capacity to perform his past relevant work. A.R. at 18–19. "Residual functional capacity" is defined as what the claimant is still "functionally capable of doing on a regular and continuing basis, despite his impairments; the claimant's maximum sustained work capability." *Williams v. Bowen*, 844 F.2d 748, 751 (10th Cir.1988). The ALJ concluded that Mr. Valdez's past relevant work as an accountant, public service coor-

dinator, and substitute teacher did not require the performance of work-related activities precluded by his limitations.

## IV. Listings of Impairments

■ Mr. Valdez argues that the ALJ erred in finding that his impairment did not meet the level of severity required by Subsection 1.05(C) of the Listing of Impairments at Appendix 1 of Subpart P, Regulations No. 4. A.R. at 73. Defendant argues there is no error, as the ALJ properly relied on the opinions of reviewing physicians.

A determination of whether a particular condition meets the requirements of the Listing of Impairments is made by comparing the medical evidence in the case with the medical criteria shown for the listed impairment. *See* 20 C.F.R § 404.1526. In making this comparison, the ALJ may "consider the medical opinion given by one or more medical or psychological consultants designated by the Commissioner." 20 C.F.R § 404.1526. While the Tenth Circuit has not specifically addressed this issue, other circuits have held that "[t]he ALJ is entitled to rely on the opinions of reviewing physicians when considering whether the claimant meets the requirements of a listed impairment." *Ostronski v. Chater*, 94 F.3d 413, 417 (8th Cir.1996) (citing 20 C.F.R. § 404.1527(e); *Nelson v. Sullivan*, 966 F.2d 363, 367 (8th Cir.1992)).

Mr. Valdez asserts that the ALJ impermissibly disregarded the opinion of Dr. Hynes, a treating physician, in making this determination. I disagree.

The record is clear that Mr. Valdez did not specifically argue to the ALJ that Dr. Hynes opinion was sufficient to support a finding of a listed impairment. A.R. at 73. He did point to the findings of Dr. Kinnett and Dr. Satt (although phonetically referred to in the record as Dr. Scott). In her decision, the ALJ refers to the findings of Dr. Vincent and Dr. Satt. A.R. at 16–17. Dr. Vincent examined Mr. Valdez on behalf of the Administration, while Dr.

Satt treated Mr. Valdez from December 5, 1995 to February 2, 1996. *See* Exhibit 15F. The ALJ considered the medical evidence as well as the findings of these two doctors. The ALJ did not err by relying on the Administration's doctor in making her decision. See 20 C.F.R § 404.1526. However, even if Mr. Valdez had specifically asked the ALJ to consider the opinion of Dr. Hynes in making the listing determination, she was not required to do. *See* 20 C.F.R § 404.1526. Accordingly, I hold that the ALJ did not err as a matter of law.

## V. Weight of Medical Opinions

Mr. Valdez next argues that the weight given by the ALJ to a variety of medical opinions was improper. He argues that not enough weight was given to the opinions of Dr. Hynes, Dr. Adams–Hardin, and Dr. Kinnett, while too much weight was given to the opinions of Dr. Vincent. Defendant contests this, and argues in the alternative that any mistakes were harmless error.

The ALJ is required to evaluate every medical opinion she receives. 20 C.F.R. § 404.1527(d). More weight is generally given to opinions from treating sources. 20 C.F.R. § 404.1527(d). If a treating source's opinion "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record, [it] will [be] give[n] controlling weight." 20 C.F.R. § 404.1527(d); *Reyes v. Bowen*, 845 F.2d 242 (10th Cir.1988). The ALJ must give good reasons for the weight given to a treating source's opinion. 20 C.F.R. § 404.1527(d). However, the final determination regarding whether an individual is disabled for purposes of the Act is explicitly reserved to the ALJ. 20 C.F.R. §§ 404.1527(e); 416.927(e). Consequently, a treating physician's opinion that a claimant is "disabled" is not determinative of that question. Instead, the ALJ may reject that physician's opinion in the event that it is not "supported by clinical and diagnostic techniques" and is "inconsistent

with other substantial evidence in the record." *Castellano v. Secretary of Health & Human Servs.*, 26 F.3d 1027, 1029 (10th Cir.1994). Additionally, a case will not be remanded if the ALJ's mistake was merely harmless error. *See Glass v. Shalala*, 43 F.3d 1392, 1396–1397 (10th Cir.1994).

### A. Dr. Hynes

Mr. Valdez argues that the ALJ failed to give controlling weight to Dr. Hynes' opinions, as evidenced by the ALJ's failure to name Dr. Hynes in her decision. Defendant argues that the ALJ was entitled to disregard Dr. Hynes' opinions as they were inconsistent with four other medical opinions, and any failure to mention him in the opinion was harmless error.

There is no disagreement that Dr. Hynes is Mr. Valdez's treating physician and, thus, is a treating source under 20 C.F.R. § 416.901 and 20 C.F.R. § 404.1502. Mr. Valdez has been allowed to supplement the record with a letter from Dr. Hynes, who indicates Mr. Valdez has "radioculopathy type symptoms as well as including [sic] positive straight leg tests bilaterally, absent ankle jerk on the left, as well as muscle atrophy on the left." Plaintiff's Exhibit B to Motion to Supplement. The letter is dated July 1, 1999. It is unclear whether Dr. Hynes believes these symptoms were present before April 22, 1998, the date of the ALJ's opinion. Other evidence from Dr. Hynes also appears on the record.

However, the ALJ did not rely on Dr. Hynes' opinions. Instead, she relied on the findings of Dr. Vincent that Mr. Valdez had "no obvious decrease in lower extremity muscle bulk," that the "straight leg raising was negative," and that Mr. Valdez had a "negative test for radiculopathy [sic]." A.R. at 16–17. She also relies on Dr. Satt's findings that "straight leg raising has been satisfactory." A.R. at 17.

As a treating source, Dr. Hynes' opinion must be given controlling weight if it is well-supported by medically acceptable

clinical and laboratory diagnostic techniques. 20 C.F.R. § 404.1527(d); *Reyes v. Bowen,* 845 F.2d 242 (10th Cir.1988). If Dr. Hynes opinion is inconsistent with other substantial evidence in the case, the ALJ must give good reasons for the weight she gives to his opinion. 20 C.F.R. § 404.1527(d).

Defendant argues that the ALJ's failure to consider Dr. Hynes opinion is justified given that four other physicians disagreed with Dr. Hynes. Defendant also argues that Dr. Hynes statement that he agreed with Dr. Kinnett's conclusions that Mr. Valdez was able to perform sedentary or light work, A.R. at 639, renders the ALJ's omission harmless error.

If the ALJ had considered Dr. Hynes opinion and chosen not to give it controlling weight for the reasons cited by the Defendant, such a ruling would be justified by the substantive evidence in the case. However, given the direct conflict in medical opinions and the concession by Defendant that Dr. Hynes is a treating physician, I cannot find that the ALJ's omissions were harmless error. I hold therefore that the ALJ applied the wrong legal standard to her consideration of the medical opinions, and I remand.

*B. Dr. Adams– Hardin*

■ Mr. Valdez argues that the Appeals Council erred by not remanding for consideration of Dr. Adams–Hardin's opinions. Defendant argues that Dr. Adams–Hardin's opinions are irrelevant, as she did not treat Mr. Valdez during the relevant time frame.

An application for disability insurance benefits remains "in effect until the administrative law judge hearing decision is issued." 20 C.F.R. § 404.620(a). New and material evidence may be submitted when seeking review of an ALJ's decision. That "new evidence becomes part of the administrative record to be considered when evaluating the Secretary's decision for substantial evidence." *O'Dell v. Shalala,* 44 F.3d 855, 859 (10th Cir.1994). However, that evidence must relate to the period on or before the date of the decision in order to be considered on a review. *O'Dell,* 44 F.3d at 858.

There is no disagreement that Dr. Adams– Hardin is now Mr. Valdez's treating psychologist and is, therefore, a treating source under 20 C.F.R. §§ 416.901 and 404.1502. Mr. Valdez has been allowed to supplement the record with a letter from Dr. Adams–Hardin. This letter was first introduced at the Appeals Council stage of the proceedings. No other evidence from her appears in the record. Dr. Adam–Hardin's letter states that Mr. Valdez "is considered by this psychologist to be unemployable for his PTSD symptoms alone. In combination with his physical disability he is judged to be totally disabled." Exhibit A to Plaintiff's Motion to Supplement.

The opinion in this case was issued April 22, 1998. The letter from Dr. Adams–Hardin is dated May 18, 1999. It indicates that Dr. Adams–Hardin has been a treating psychologist for Mr. Valdez since October 1998. Her opinions and diagnosis relate only to the seven month period of time between October 1998 and May 1999, and fail to make any mention of Mr. Valdez's psychological state from November 1995 to April 1998, the time period relevant to the appeal. Therefore, I hold that the Appeals Council did not err has as a matter of law in disregarding Dr. Adams–Hardin's letter. *O'Dell v. Shalala,* 44 F.3d 855, 858 (10th Cir.1994).

*C. Dr. Kinnett*

■ Mr. Valdez argues that the ALJ failed to evaluate the opinions of Dr. Kinnett. Dr. Kinnett treated Mr. Valdez between May 1996 and January 1997. *See* Exhibit 18F, 25F. Defendant concedes that the ALJ failed to mention Dr. Kinnett in her report, but argues this was harmless error.

Dr. Kinnett found Mr. Valdez had degenerative disc disease, obliteration of the left L5–S1 inevitable foramina, a midline disc protrusion at L5–S1, a laminectomy defect at L5, L5–S1 sensory loss, loss of

**1208**

S1 reflex, regional myofacial disease involving the lumbar paraspinal muscles, service related anxiety disorder, depression, sleep dysfunction, suicidal ideation and sleep dysfunction. A.R. at 436. However, he also found that Mr. Valdez could perform sedentary or light work that allowed him to sit five to six hours or stand three to four hours of an eight hour work day, with some restrictions on bending, reaching, climbing, squatting, kneeling, walking, and weight lifting. A.R. at 459.

Mr. Valdez argues that the ALJ should have given more weight to Dr. Kinnett's reports. Given Dr. Kinnett's findings that Mr. Valdez is able to perform sedentary or light work, I hold the ALJ's failure to mention Dr. Kinnett harmless error.

*D. Dr. Vincent*

■ Mr. Valdez argues that the ALJ impermissibly afforded more weight to the opinions of Dr. Vincent, a physician who examined Mr. Valdez on behalf of the Administration, than to Dr. Hynes' opinions. Defendant does not respond to this argument.

The ALJ's decision discusses Dr. Vincent's opinions as they rebut Mr. Valdez's claim regarding the Listing of Impairments. *See* Part VA, *supra.* This is permissible. *See Ostronski v. Chater,* 94 F.3d 413, 417 (8th Cir.1996) (citing 20 C.F.R. § 404.1527(e); *Nelson v. Sullivan,* 966 F.2d 363, 367 (8th Cir.1992)). However, it is unclear from the opinion whether the ALJ relies on Dr. Vincent's opinion in her further analysis of Mr. Valdez's condition. As stated in Part VB, *supra,* the ALJ must give good reasons for her decision to give controlling weight to the Administration's physicians rather than the treating doctor. 20 C.F.R. § 404.1527(d). I therefore also remand as to this issue.

Accordingly, I ORDER that:

(1) The April 22, 1998 administrative decision is REMANDED to the Commissioner with directions to remand to the Administrative Law Judge.

(2) The Administrative Law Judge enter further findings either giving controlling weight to Mr. Valdez's treating physician or citing good cause for a contrary finding; and

(3) The Administrative Law Judge enter further findings citing good cause for any decision to give controlling weight to the medical opinion of the Administration's physicians.