Kenneth M. COOPER, Plaintiff,

v.

**COMMISSIONER OF SOCIAL SECURITY, Defendant.**

No. 00–10326–BC.

United States District Court,
E.D. Michigan,
Northern Division.

July 30, 2003.

Lewis M. Seward, Seward, Tally, Bay City, MI, for Plaintiff.

Geneva S. Halliday, William L. Woodard, United States Attorney's Office, Detroit, MI, for Defendant.

*OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, DENYING PLAINTIFF'S MOTION TO REMAND FOR FURTHER PROCEEDINGS, AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT TO AFFIRM THE DECISION OF THE COMMISSIONER*

LAWSON, District Judge.

The plaintiff filed the present action on September 15, 2000 seeking review of the Commissioner's decision denying the plaintiff's claim for a period of disability and disability insurance benefits. The case was referred to United States Magistrate Judge Charles E. Binder pursuant to 28 U.S.C. § 636(b)(1)(B) and E.D. Mich. LR 72.1(b)(3). Thereafter, the plaintiff filed a motion to remand to the agency for further proceedings. The defendant filed a motion for summary judgment requesting judgment in favor of the Commissioner, to which the plaintiff responded.

Magistrate Judge Binder filed a Report and Recommendation on April 2, 2001 recommending that the plaintiff's motion to remand be denied, the defendant's motion for summary judgment be granted, and the findings of the Commissioner be affirmed. Title 28, Section 636(b)(1) of the United States Code states that a party who is dissatisfied with the recommendation of a magistrate judge must file "objections" within ten days of service of a copy of the report. The plaintiff did not file a document identified as objections, but rather submitted a "Reply to Magistrate's Report and Recommendation." A review of the text of this document indicates that the plaintiff is dissatisfied with the result and seeks further review, and so the Court will construe the document as objections, despite the fact that it is mislabeled. The defendant filed a response in opposition to the plaintiff's submission.

The Court has reviewed the file, the Report and Recommendation, and the submissions of the parties, and has made a *de novo* review of the administrative record in light of the parties' submissions. The plaintiff's "objections" attack what he claims to be the failure of the Appeals Counsel to consider additional evidence that was submitted after the Administrative Law Judge rendered an unfavorable decision on his application for disability insurance benefits.

The plaintiff was forty-four years old when he filed his application for a period of disability and disability benefits on September 19, 1996. He had completed a tenth grade education. For sixteen years, he had worked in construction jobs that required heavy exertion. The plaintiff suffered a heart attack on August 20, 1993 and, with the exception of an unsuccessful attempt to return in October 1995, he has not worked since. He underwent coronary bypass surgery in October 1993. The plaintiff's claim for benefits was denied initially, and the denial was upheld on reconsideration. The plaintiff then appeared before Administrative Law Judge (ALJ) William J. Musseman on March 3, 1999 when the plaintiff was forty-nine years old. ALJ Musseman filed a decision on April 14, 1999 in which he determined that the plaintiff's insured status extended through September 30, 1999, but he denied benefits because he found that the plaintiff was not disabled. The ALJ reached this conclusion by applying the five-step sequential analysis prescribed by the Secretary in 20 C.F.R. § 404.1520. The ALJ concluded that the plaintiff had not engaged in substantial gainful activity since August 20, 1993 (step one); the plaintiff suffered from a "severe" impairment consisting of ischemic heart disease, but also suffered from hypertension which the ALJ determined was not "severe" within the meaning of the Social Security Act (step two);

none of these impairments by themselves or in combination met or equaled a listing in the regulations (step three); and the plaintiff could not perform his previous work as a construction laborer, which the ALJ found to be unskilled and to require heavy exertional effort (step four). In applying the fifth step, the ALJ concluded that the plaintiff's residual functional capacity allowed him to perform a restricted range of sedentary work involving no climbing and no temperature extremes. Relying on the testimony of a vocational expert, the ALJ found that jobs such as assembler, cashier, order clerk, and appointment/reception clerk fit within those limitations, and that these jobs existed in significant numbers in the local economy.

The plaintiff had been represented by an attorney at the administrative hearing, but obtained new counsel following the ALJ's unfavorable decision. The plaintiff's new attorney, who is also the same attorney who represents the plaintiff in this Court, sought review before the Appeals Counsel, and submitted two additional exhibits. The first exhibit was an intelligence evaluation dated September 28, 1999 that suggested that the plaintiff suffered from mild mental retardation and borderline intellectual functioning, and was submitted to support a new argument never presented to the ALJ that the plaintiff met Listing 12.05C, and therefore was disabled. The second exhibit was the report of a cardiac catheterization performed on May 4, 2000 showing some blockage to the left anterior descending coronary artery, but also showing a patent internal mammary artery graft; a left circumflex artery that was widely patent, but showing some diffuse disease along sixty to seventy percent of its course; and a right coronary artery that was diseased and that also had an occluded saphenous vein graft.

The Appeals Counsel declined to review the ALJ's decision on July 28, 2000. In the letter announcing its decision, the Appeals Counsel stated that it had "considered the applicable statutes, regulations, and rulings in effect as of the date of this action, [and] also considered the contentions raised in the requests for review dated May 17, 1999." Tr. at 4. There was no reference in the letter to the two exhibits submitted by the plaintiff's attorney, nor was there any indication in the record that the Appeals Counsel had considered these items.

In the recommendation denying the plaintiff's motion to remand and granting the defendant's motion for summary judgment, the Magistrate Judge observes that the Court may not consider the new exhibits presented to the Appeals Counsel on the question of whether substantial evidence in the whole record supports the ALJ's decision. The Magistrate Judge also suggested that the plaintiff's motion to remand must be evaluated under sentence six of 42 U.S.C. § 405(g), which requires that the plaintiff establish three prerequisites to obtain a remand: the evidence must be "new;" the new evidence must be "material;" and the party seeking the remand must demonstrate good cause for failure to incorporate the new evidence into the record of the administrative proceeding. *See* R & R at 16–17. The Magistrate Judge found that the plaintiff may have demonstrated good cause, but the two exhibits were not material to the dispute because they would not have caused the Commissioner to reach a different result on the plaintiff's application for benefits.

The Magistrate Judge reasoned that the intelligence evaluation showed that the plaintiff's full scale IQ was measured at sixty-nine, but none of the other requirements of Listing 12.05C were satisfied and therefore the plaintiff would not have been determined to be disabled on that basis.

*See* 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.05C. As for the cardiac catheterization report, the Magistrate Judge observed that it was completed on May 4, 2000, more than six months after the expiration of the plaintiff's insured status. The Magistrate Judge believed that the catheterization report did not furnish any evidence of the plaintiff's physical condition prior to the expiration of his insured status, and therefore it was not material, either.

In his "objections", the plaintiff claims that the case should be remanded under sentence four of Section 405(g), not sentence 6, because the Appeals Counsel did not follow its own rules when it failed to consider the new exhibits. He claims that the exhibit concerning his intellectual functioning is material because it would demonstrate a nonexertional impairment that, even if not a Listing Level impairment, would have a bearing on the overall assessment of his residual functional capacity. He also claims that the cardiac catheterization report is not irrelevant because it reflects on his condition prior to the expiration of his insured status. Finally, for the first time, the plaintiff raises an argument that his due process rights have been violated by the Appeals Counsel's failure to consider evidence. The plaintiff cites no authority for this last proposition.

 The Court's task in reviewing a Social Security disability determination is a limited one. The Commissioner's findings are conclusive if they are supported by substantial evidence, according to 42 U.S.C. § 405(g). Consequently, the Court's review is confined to determining whether the correct legal standard was applied, and whether the findings are supported by substantial evidence on the whole record. *See Wright v. Massanari*, 321 F.3d 611, 614 (6th Cir.2003). " 'Substantial evidence' means 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as ade-

quate to support a conclusion.' " *Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 535 (6th Cir.1981) (quoting *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971)). This Court may not base its decision on a single piece of evidence and disregard other pertinent evidence when evaluating whether substantial evidence exists in the record. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir.1978). Thus, where the Commissioner's decision is supported by substantial evidence, it must be upheld even if the record might support a contrary conclusion. *Smith v. Sec'y of Health & Human Servs.*, 893 F.2d 106, 108 (6th Cir.1989). The Sixth Circuit has stated that the role of the Court "is not to resolve conflicting evidence in the record or to examine the credibility of the claimant's testimony." *Wright*, 321 F.3d at 614. Therefore, the Court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir.1984).

Sentence four of 42 U.S.C. § 405(g) states:

> The Court shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.

The authority conferred upon the Court by this sentence, however, is subject to the substantial evidence rule noted above. Sentence five of Section 405(g) states: "The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive...."

The Magistrate Judge suggested that substantial evidence exists in this record to support the ALJ's determination that the plaintiff was not disabled. The plaintiff does not contest the Magistrate Judge's

conclusion, and, in fact, agrees with the substantial evidence analysis.

Moreover, it is not seriously contested that the plaintiff's two new exhibits cannot be considered in determining whether substantial evidence in the record exists. In *Cline v. Commissioner of Social Security,* 96 F.3d 146 (6th Cir.1996), the Court of Appeals endorsed the rule that "where the Appeals Counsel considers new evidence but declines to review a claimant's application for disability insurance benefits on the merits, the district court cannot consider that new evidence in deciding whether to uphold, modify, or reverse the ALJ's decision." *Id.* at 148 (citing *Cotton v. Sullivan,* 2 F.3d 692, 695–96 (6th Cir.1993)). The Court of Appeals applied this same limitation in a case where evidence was submitted to the Appeals Counsel yet it was never considered, in *Wyatt v. Secretary of Health and Human Services,* 974 F.2d 680, 685 (6th Cir.1992). The prevailing view in the Sixth Circuit appears to be that in such circumstances, the plaintiff's remedy is to seek a remand under sentence six of 42 U.S.C. § 405(g).

"In order to obtain a remand for further administrative proceedings, [sentence six of] Section 405(g) clearly requires a showing of both materiality and good cause." *Cline,* 96 F.3d at 149. The plaintiff appears to argue that different requirements should apply when there is no evidence that the Appeals Counsel actually considered the evidence submitted to it. The Court does not believe that the applicable authority supports this argument.

The Secretary's Regulation that addresses the Appeals Counsel's function is 20 C.F.R. § 404.970, which states that the Appeals Counsel will review a case if there is an abuse of discretion by the ALJ, a legal error, the failure to support the ALJ's findings by substantial evidence, or broad policy issue presented by the case.

20 C.F.R. § 404.970(a). The Regulation then states:

> If *new and material* evidence is submitted, the Appeals Counsel shall consider the additional evidence only where it relates to the period on or before the date of the Administrative Law Judge hearing decision. The Appeals Counsel shall evaluate the entire record including the new and material evidence submitted if it relates to the period on or before the date of the Administrative Law Judge hearing decision. It will then review the case if it finds that the Administrative Law Judge's action, findings or conclusion is contrary to the weight of the evidence currently of record.

20 C.F.R. § 404.970(b) (emphasis added). In other words, the Appeals Counsel has an obligation to review submissions, but only if the submissions constitute "new and material evidence." In *Cotton v. Sullivan,* 2 F.3d at 696, the Court of Appeals reversed the district court's judgment in favor of a Social Security claimant where the district court based its determination in part on evidence that had been submitted to the Appeals Counsel but was never seen by the Administrative Law Judge. The Court noted that the district court's option in such circumstances is to remand to the Agency, but only if good cause can be demonstrated. In passing, the Court made reference to the Eighth Circuit's decision in *Nelson v. Sullivan,* 966 F.2d 363 (8th Cir.1992). Although the Court declined to follow the holding in *Nelson,* it nonetheless quoted the following language from the *Nelson* opinion: "when new and material evidence is submitted to the Appeals Counsel, ... [t]he newly submitted evidence is to become part of what we will loosely describe here as the 'administrative record,' even though the evidence was not originally included in the ALJ's record. If the Appeals Counsel does not consider the

new evidence, a reviewing court may remand the case to the Appeals Counsel *if the evidence is new and material."* *Cotton,* 2 F.3d at 696 (quoting *Nelson,* 966 F.2d at 366) (emphasis added).

Finally, in *Wyatt,* the Court of Appeals noted that where new evidence is presented after the administrative hearing is closed, the "court can remand for further consideration of the evidence only where the party seeking remand shows that the new evidence is *material."* *Wyatt,* 974 F.2d at 685 (emphasis added). This rule extends to all stages following the hearing before the Administrative Law Judge, including where new evidence is presented on appeal to the Sixth Circuit. *See Howard v. Comm'r of Soc. Sec.,* 276 F.3d 235, 243 (6th Cir.2002).

■ The Court believes, therefore, that the rule is firmly established that the remedy of a claimant who contends that the Appeals Counsel failed to consider evidence duly submitted to it following the administrative hearing, is circumscribed by sentence six of 42 U.S.C. § 405(g). Based upon the authority previously cited, the Court agrees with the conclusion of the Magistrate Judge that a remand may be ordered only if the moving party shows that (1) the evidence is new; (2) the evidence is material; and (3) good cause exists for not presenting the evidence to the Administrative Law Judge prior to the time the ALJ rendered a decision.

■ The Court agrees with the Magistrate Judge that the plaintiff has not satisfied his burden to obtain a remand. Turning first to the cardiac catheterization report, the Court finds that the evidence is "new" to the extent that the test was not conducted, and the report was not generated, until well after the ALJ rendered his decision in this case. The information that it contained is not necessarily new, however, nor does the plaintiff so contend, since he argues, as he must, that

the report is reflective of his condition prior to September 1999 when he lost his insured status. To argue otherwise would essentially be a concession that the evidence was not material.

■ To qualify for disability insurance benefits, the plaintiff must not only establish the he is disabled, but also that he was insured within the meaning of the Social Security Act, and became disabled while enjoying insured status. *See* 42 U.S.C. §§ 416(i), 423(d)(1)(A); *Higgs v. Bowen,* 880 F.2d 860, 862 (6th Cir.1988). The plaintiff's insured status ceases after the last quarter in which he had twenty quarters of contribution into the Social Security system within a forty-quarter period. *See* 20 C.F.R. § 404.130(b). Medical evidence is thus relevant to prove a disability only while the claimant enjoyed insured status. *Estep v. Weinberger,* 525 F.2d 757, 757–58 (6th Cir.1975). Medical evidence that postdates the insured status date may be, and ought to be, considered, but only insofar as it bears on the claimant's condition prior to the expiration of insured status. *Begley v. Mathews,* 544 F.2d 1345, 1354 (6th Cir.1976) ("Medical evidence of a subsequent condition of health, reasonably proximate to a preceding time, may be used to establish the existence of the same condition at the preceding time."); *Higgs,* 880 F.2d at 863. Since coronary artery disease is a progressive ailment, it is logical to argue that a cardiac catheterization showing coronary artery disease in its advanced stages performed after the relevant period would provide some evidence that the disease existed, perhaps in a less advanced state, prior to the date the test was performed. However, as the Magistrate Judge observed, materiality is not established unless the proponent of the evidence can show a reasonable probability that the Commissioner would have reached a dif-

ferent result on the question of disability if presented with the new evidence. *See Sizemore v. Sec'y of Health & Human Servs.*, 865 F.2d 709, 711 (6th Cir.1988); *Carroll v. Califano*, 619 F.2d 1157, 1162 (6th Cir.1980). The catheterization report presented by the plaintiff in this case demonstrates nothing more than that the plaintiff suffered from coronary artery disease that could be managed medically. However, the ALJ had already determined that the plaintiff suffered from a severe impairment consisting of ischemic heart disease, but that he retained the residual functional capacity to perform a limited range of sedentary work. There is no demonstration in this record as to how the catheterization report might have upset or altered this determination.

The intelligence evaluation prepared by Dr. George Pestrue, a licensed psychologist, was completed several months after the ALJ rendered his decision. The report itself does not contain new evidence relating to any impairment previously presented to the Commissioner, but rather constitutes an entirely new theory of disability. There is no explanation in the record justifying the failure to present this theory to the Commissioner at an earlier time. In fact, it appears from the plaintiff's brief in support of motion to remand that the theory emerged after the plaintiff changed attorneys following the ALJ's unfavorable determination, and came to mind because the new attorney observed that the plaintiff "was in special education all his life and never completed high school." Pl.'s Br. in Sup. of Mot. for Remand at 3.

■ The Court does not believe that good cause has been demonstrated for presenting this new theory of disability at such a late date. The plaintiff was represented by attorneys throughout the proceedings, and the evidence that the plaintiff claims supports this theory of disability has been available throughout the entire period. There is no evidence that the plaintiff's low intelligence quotient or alleged borderline intellectual functioning ever interfered with his ability to engage in substantial gainful activity, but nonetheless the plaintiff's history of special education and failure to complete high school were well known to both the plaintiff and certainly readily available to his prior advocates.

In addition, the Court finds that the plaintiff has failed to satisfy his burden on the materiality requirement. The Court agrees with the Magistrate Judge's assessment that Dr. Pestrue's report fails to establish that the plaintiff had a Listing–Level impairment. Nor is there sufficient evidence in the record to convince this Court that the outcome would have been any different had the Administrative Law Judge enjoyed the benefit of this evidence before his rendered his decision. *See Sizemore*, 865 F.2d at 711.

After a *de novo* review of the entire record and the material submitted by the parties, the Court concludes that the Magistrate Judge properly reviewed the administrative record and applied the correct law in reaching his conclusion.

Accordingly, it is **ORDERED** that the Magistrate Judge's Report and Recommendation is **ADOPTED.**

It is further **ORDERED** that the plaintiff's motion to remand [dkt # 13] is **DENIED.**

It is further **ORDERED** that the defendant's motion for summary judgment [dkt # 14] is **GRANTED.** The findings of the Commissioner are **AFFIRMED,** and the complaint is **DISMISSED** with prejudice.