court has previously ruled to the contrary. In *Conn v. Secretary of Health & Human Services*, 51 F.3d 607, 610 (6th Cir. 1995), the court held that the ALJ and consulting vocational experts are not bound by the Dictionary in making disability determinations because the Social Security regulations do not obligate them to rely on the Dictionary's classifications. Wright has therefore failed to show that the ALJ erred in evaluating the testimony of the vocational expert.

### III. CONCLUSION

For all of the reasons set forth above, we **AFFIRM** the judgment of the district court.

RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2003 FED App. 0077P (6th Cir.)
File Name: 03a0077p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

———————

EVELYN E. WRIGHT,
          *Plaintiff-Appellant,*

          *v.*                                  No. 01-5642

LARRY G. MASSANARI,
ACTING COMMISSIONER OF
SOCIAL SECURITY
ADMINISTRATION,
          *Defendant-Appellee.*

Appeal from the United States District Court
for the Middle District of Tennessee at Nashville.
No. 99-00540—Thomas A. Wiseman, Jr., District Judge.

Argued: February 6, 2003

Decided and Filed: March 12, 2003

Before: GILMAN and GIBBONS, Circuit Judges;
ECONOMUS, District Judge.*

———————

*The Honorable Peter C. Economus, United States District Judge for the Northern District of Ohio, sitting by designation.

_____

**COUNSEL**

_____

**ARGUED:** Michael P. Williamson, Nashville, Tennessee, for Appellant. Mark J. Goldenberg, SOCIAL SECURITY ADMINISTRATION, OFFICE OF THE GENERAL COUNSEL, Baltimore, Maryland, for Appellee. **ON BRIEF:** Michael P. Williamson, Nashville, Tennessee, for Appellant. Frieda Schlemeyer Colfelt, Baltimore, Maryland, Mercedes C. Maynor-Faulcon, ASSISTANT UNITED STATES ATTORNEY, Nashville, Tennessee, for Appellee.

_____

**OPINION**

_____

RONALD LEE GILMAN, Circuit Judge. Evelyn Wright appeals the district court's judgment affirming the denial of her application for Social Security benefits by the Commissioner of Social Security. She argues that the Commissioner erred in determining that she can perform other work within her residual functional capacity. In addition, Wright contends that the Commissioner erred in relying on the testimony of the vocational expert and in failing to resolve the conflict between that testimony and the Dictionary of Occupational Titles. The Commissioner responds by arguing that substantial evidence supports the determination that Wright does not qualify as disabled pursuant to the applicable regulations promulgated under the Social Security Act. Based upon the magistrate judge's Report and Recommendation, the district court upheld the determination of the Commissioner. For the reasons set forth below, we **AFFIRM** the judgment of the district court.

will be able to determine the size of the remaining occupational base, cite specific jobs within the individual's [residual functional capacity], and provide a statement of the incidence of those jobs in the region of the individual's residence or in several regions of the country." *Id.* This is precisely what took place in Wright's case. *See Kirk*, 667 F.2d at 528-29 ("Thus, if the nonexertional limitation restricts a claimant's performance of a full range of work at the appropriate residual functional capacity level, nonexertional limitations must be taken into account and a non-guideline determination made."). Wright, on the other hand, wants to use her nonexertional limitation to place her in a category on the grid that will mandate a finding of disability. We find no justification for Wright's position.

Wright's argument also fails to address the "substantial evidence" standard to be applied in Social Security appeals. Rather, she attempts to find procedural error in the ALJ's decision. We conclude, however, that the ALJ invoked the proper rules for Wright's residual functional capacity and her age, education, and work experience. In addition, the ALJ was entitled to rely on the testimony of the vocational expert in reaching his decision. *Varley v. Sec. of Health & Human Svcs.*, 820 F.2d 777, 779 (6th Cir. 1987) ("Substantial evidence may be produced through reliance on the testimony of a vocational expert . . . ."); *Braden v. Sec. of Health & Human Svcs.*, No. 90-3028, 1990 WL 177211 (6th Cir. Nov. 14, 1990) (affirming the ALJ's decision where grids were used as a framework for decisionmaking and the ALJ relied on vocational expert testimony in finding that two occupations totaling 4,000 jobs in the regional economy provided a significant number of jobs).

Finally, Wright argues that the ALJ erred in giving credit to the vocational expert's testimony that the jobs of security guard and hotel clerk were available to the unskilled Wright, because the Dictionary of Occupational Titles describes these occupations as semi-skilled. The implication of Wright's argument is that the Commissioner should be bound by the Dictionary's characterization of these occupations. But this

Cir. 1981) ("A claimant's capacity to perform work must be evaluated in light of his age, his education, his work experience, and his impairments, including his pain.") (internal citation omitted).

Wright misapprehends the analysis that is applicable to her situation. Essentially, Wright wants to use the fact that she is not capable of doing all of the jobs in the light work category due to her nonexertional limitation (her left hand impairment) to drop her category level down to sedentary. As a result, she argues that the ALJ should have used Rule 201.09, pertaining to sedentary work, rather than Rule 202.10, pertaining to light work. But that is not how the process works. There is no support for her argument that her nonexertional limitation allows her to decrease the level of her exertional capacity from light to sedentary. The magistrate judge accurately analyzed this point in his Report and Recommendation:

> Here, the evidence shows (and the ALJ found) that plaintiff's occupational base is reduced by her nonexertional limitation, but her exertional capacity for light work is undiminished and undisputed. Though the policy statement of Social Security Ruling 83-12 does not apply to this situation as such, the Ruling does address the loss of use of an upper extremity as one of two "special situations."

The magistrate judge then goes on to quote Ruling 83-12 on this matter at length. Acknowledging that people with such an impairment might be unable to perform all of the jobs in the light-work category, the Ruling notes that "[t]hese individuals would generally not be expected to perform sedentary work because most unskilled sedentary jobs require good use of both hands." S.S.R. 83-12, 1983 WL 31253, *4 (S.S.A.). This point refutes Wright's argument that the ALJ should have analyzed her impairments as though her exertional capacity were sedentary.

Ruling 83-12 goes on to describe the appropriate procedure to follow in such a situation. "Given an individual's particular [residual functional capacity], a [vocational expert]

## I. BACKGROUND

### A. Factual background

For 22 years, Wright worked as a materials handler for Spring's Bath Fashion in Middle Tennessee. The job required her to constantly pick up rugs weighing up to 35 pounds, tie them up, and carry them to bins or boxes. Wright was 48 years old when, on April 30, 1996, she left work due to pain in her left wrist that prevented her from doing her job. She had first begun receiving treatment for her wrist pain two months earlier. Wright underwent surgery at Vanderbilt University Medical Center on her left hand in July of 1996.

She was excused from work by her surgeon, Dr. Michael Milek, on at least seven occasions. She was also restricted from repetitive work and from lifting more than 10 pounds for the balance of 1996. In January of 1997, Wright underwent a functional capacity evaluation conducted by Dr. David Schmidt. Dr. Schmidt concluded that she could perform a light level of work, a reduction from her previous job that required a medium level of work. He determined that Wright could lift 20 pounds occasionally and 15 pounds frequently, and could work repetitively with only light use of the left hand.

### B. Procedural background

Wright filed an application for disability insurance benefits on April 8, 1997. She alleged disability as of April 30, 1996 due to degenerative joint disease, tendinitis, and two operations for a left heel spur. Her application was denied initially and upon reconsideration by the Social Security Administration. On December 4, 1997, Wright, her attorney, her sister, and a vocational expert appeared before an Administrative Law Judge (ALJ) for a hearing on her claim.

Wright testified at the hearing that she sometimes could not stand up because of pain in her back and that her sister did most of the housework. But she conceded that she could vacuum, go to the grocery store, and drive. Wright's sister

testified that Wright was prone to drop things, and was often moody and tired. Wright's past work as a material handler, according to the vocational expert, was at the medium and unskilled level. The vocational expert further testified that Wright's age, tenth-grade education, and work experience, together with her residual functional capacity for light work, reduced by a limitation on the use of her left hand, qualified her to perform approximately 2,500 security guard jobs and approximately 1,400 hotel clerk jobs in the Tennessee economy.

Using this testimony and the appropriate rules found in Appendix 2 of 20 C.F.R. § 404.1569 (Rules 202.10 and 202.17 pertain to Wright's exertional capacity and her age, education, and work experience) as a framework for deciding Wright's disability claim, the ALJ concluded that Wright was not under a disability as defined by the applicable regulation issued pursuant to the Social Security Act. 20 C.F.R. § 404.1520(f)(1). On February 19, 1999, the Appeals Council denied Wright's request for review. The ALJ's decision thus became the final decision of the Commissioner. On April 10, 2001, upon the magistrate judge's Report and Recommendation, the district court affirmed the Commissioner's final decision.

## II.  ANALYSIS

### A.  Standard of review

Under 42 U.S.C. § 405(g), the ALJ's findings are conclusive so long as they are supported by substantial evidence. Our review "is limited to determining whether there is substantial evidence in the record to support the findings." *Duncan v. Secretary of Health & Human Servs.*, 801 F. 2d 847, 851 (6th Cir. 1986). "'Substantial evidence' means 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Kirk v. Secretary of Health & Human Servs.*, 667 F.2d 524, 535 (6th Cir. 1981) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Furthermore, we must defer to an agency's decision "even if there is substantial

evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997). Our role is not to resolve conflicting evidence in the record or to examine the credibility of the claimant's testimony. *See Gaffney v. Bowen*, 825 F.2d 98, 100 (6th Cir. 1987) (per curiam). Instead, we focus on whether substantial evidence supports the Commissioner's decision that found Wright not disabled and therefore ineligible for disability benefits.

### B.  Substantial evidence supports the Commissioner's decision that Wright is not disabled pursuant to the Social Security Act

On appeal, Wright argues that there is no substantial evidence to support the Commissioner's conclusion that she is able to perform other work, significantly available in the national economy, in spite of her impairments. Wright particularly relies on the following Social Security Regulation: "If you cannot do any work you have done in the past because you have a severe impairment(s), we will consider your residual functional capacity and your age, education, and past work experience to see if you can do other work. If you cannot, we will find you disabled." 20 C.F.R. § 404.1520(f)(1).

This determination is aided by the use of grid rules promulgated by the Social Security Administration. These grid rules are found in 20 C.F.R. § 404.1569. In general, where the characteristics of the claimant exactly match the characteristics in one of the rules, the grid determines whether significant numbers of other jobs exist for the person or whether that person is disabled. *Hurt v. Sec. of Health & Human Svcs.*, 816 F.2d 1141, 1142-43 (6th Cir. 1987) (per curiam). However, in a situation like Wright's, whose impairments do not precisely match any specific rule, her residual functional capacity (light work) is used as the appropriate framework to determine whether she is disabled. *Kirk v. Sec. of Health & Human Svcs.*, 667 F.2d 524, 530 (6th