**Ellen TIDWELL, Plaintiff–Appellant,**

v.

**Jo Anne B. BARNHART, Commissioner of Social Security, Defendant–Appellee.**

No. 02–6370.

United States Court of Appeals, Sixth Circuit.

Feb. 11, 2004.

Michael P. Williamson, Nashville, TN, for Plaintiff–Appellant.

Mercedes C. Maynor–Faulcon, Asst. U.S. Attorney, Nashville, TN, Bradley C. Howard, Asim Ali Akbari, Asst. Atty. General, Baltimore, MD 21235, for Defendant–Appellee.

Before MARTIN, RYAN, and MOORE, Circuit Judges.

## OPINION

MOORE, Circuit Judge.

Disability applicant Ellen Tidwell ("Tidwell") appeals from the district court's denial of her motion for judgment on the administrative record and grant of defendant-appellee Commissioner of Social Security's motion for judgment on the administrative record. She filed this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of the Commissioner's denial of disability benefits. Tidwell filed for benefits after hand and wrist problems forced her to quit her job as a dental hygienist; benefits were denied because it was found that she could still perform light work that exists in significant num-

bers in the national economy and was therefore not disabled. Both in the district court and in this court she presses three basic claims of error: that the Administrative Law Judge ("ALJ") erred in determining that Tidwell was capable of light work; that the ALJ erred in determining that Tidwell's foot and lower-back conditions were not severe impairments; and that the ALJ erred in rejecting a treating physician's opinion that Tidwell's hand impairments met or equaled Listing 1.04. Because we conclude that all of the findings of the ALJ were supported by substantial evidence, we **AFFIRM** the judgment of the district court.

## I. BACKGROUND

Tidwell filed an application for disability insurance benefits on August 6, 1996, alleging an inability to work starting June 29, 1995. Administrative Record ("A.R.") at 52. She had been working as a dental hygienist for twenty-nine years before what she described on her application as degenerative arthritis and joint disease in her hands and osteoarthritis in her cervical spine forced her to stop. Tidwell's initial application and application for reconsideration were denied, and she requested a hearing before an ALJ, who also denied her disability benefits. Tidwell then appealed to the Social Security Administration Appeals Council, which denied her appeal on December 3, 1999. Tidwell filed an action for review of that decision with the District Court for the Middle District of Tennessee, which affirmed the decision of the Commissioner.

The ALJ made the determination that Tidwell was not disabled using the criteria outlined in 20 C.F.R. § 404.1520. He first determined that the last substantial gainful activity in which Tidwell had engaged was in June 1995. He next found that Tidwell had no severe impairment of sufficient duration to qualify her automatically for disability benefits under § 404.1520(d).

He then considered Tidwell's residual functional capacity, "the range of work activities the claimant can perform despite her impairments," in light of the medical evidence presented. A.R. at 13. Tidwell claimed four major ailments contributing to her impairment: arthritis of the hands and wrists; neck, shoulder, and arm numbness and pain; lower back pain; and foot pain. The ALJ found upon review of the medical evidence and Tidwell's testimony that Tidwell was "not entirely credible in light of discrepancies between the claimant's assertions and information contained in the documentary reports." A.R. at 18. Additionally, the ALJ found that Tidwell had made inconsistent reports of her symptoms and limitations and had not represented those limitations accurately to her employer. The ALJ concluded that Tidwell "does not desire to return to work[,] even though she has the ability to do so." A.R. at 18. The ALJ found that Tidwell retained the "functional capacity to perform the exertional demands of light work." A.R. at 21. "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. § 404.1567(b). Although he found Tidwell capable of light work, the ALJ also noted that her capacity for such was "diminished by some non-exertional limitations which make it impossible for her to perform tasks requiring awkward positioning of the neck, repetitive twisting motions of the wrists or repetitive pinching movements using the thumb and forefinger." A.R. at 21. The ALJ then considered whether "Tidwell retain[ed] the residual functional capacity to return to her past relevant work[,]" and concluded that she did not because of her neck, hand, and wrist impairments. A.R. at 22. Because Tidwell lacked this residual capacity to return to her former job, the burden of proof shifted "to the Social Security Administration to show that there are other jobs (existing in

significant numbers) to which the claimant is able to make a successful vocational adjustment considering her age, education, work experience and residual functional capacity." A.R. at 22; *see Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir.1994). This showing "must be made in light of the Medical–Vocational Guidelines ['MVG'] of Appendix 2 of the regulations." A.R. at 22; *see* 20 C.F.R. pt. 404, subpt. P, app. 2. He then determined that Tidwell was closely approaching advanced age, had a high school education, and had non-transferable work skills, which would dictate a finding of "not disabled" under MVG Rule 202.14 if "Tidwell were capable of performing a full range of light work." A.R. at 22; *see* 20 C.F.R. pt. 404, subpt. P, app. 2, Rule 202.14, at 528 (2003). He found instead that "[s]trict application of this rule is not possible, however, as the claimant has non-exertional limitations which narrow the range of work she is capable of performing." A.R. at 22. The ALJ relied upon the testimony of a Vocational Expert ("VE") concerning the jobs that Tidwell would still be able to perform in the national economy to make a finding of " 'not disabled' ... within the framework of [Rule 202.14]." A.R. at 23. The VE testified specifically to Tidwell's capability to be a "security guard, teacher's aide or cashier," but stated that those jobs were "representative examples of the types of jobs the claimant could be expected to perform and were not the only jobs" that Tidwell could reasonably be expected to perform. A.R. at 23.

## II. ANALYSIS

### A. Standard of Review

The district court granted summary judgment on the administrative record; we review that judgment de novo. *See Walker v. Sec'y of Health & Human Servs.*, 980 F.2d 1066, 1069 (6th Cir.1992). Under 42 U.S.C. § 405(g), a court's review of the Social Security Administration's factual determinations is limited to the question of whether they are supported by substantial evidence. *See Richardson v. Perales*, 402 U.S. 389, 390, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971); *Stanley v. Sec'y of Health & Human Servs.*, 39 F.3d 115, 117 (6th Cir.1994).

### B. Claims of Error

■ First, Tidwell argues that her residual work capability should have been found to be sedentary, leading to a finding of "disabled" under MVG Rule 201.14 for someone with her vocational profile. In concluding that Tidwell was capable of light work, the ALJ relied upon testimony from the VE that Tidwell could perform such work; the VE gave as examples of the light work Tidwell could perform the jobs of security guard, teacher's aide, and cashier. The VE testified that such work was available in Tennessee in significant numbers: unskilled security job, with 5,900 positions in the state; teacher's aide, with 1,281 jobs in the state; and light cashier, with either 6,000 to 8,000 positions or 600 to 800 positions.[1] This is clearly substantial evidence to support a finding of light work capability. *See Wright v. Massanari*, 321 F.3d 611, 614 (6th Cir.2003) (affirming ALJ's decision based on VE testimony of qualification for security guard, 2,500 jobs in Tennessee economy, and hotel clerk, 1,400 jobs in Tennessee economy); *Hall v. Bowen*, 837 F.2d 272, 274–75 (6th Cir.1988) (rejecting district court's holding that 1,350 total jobs in regional economy based on four job titles did

---

1. The VE testified that a person with the capacity Tidwell was found to have could perform only ten percent of the total number of light cashier jobs, and went on to identify the number of cashier jobs at 6,000 to 8,000, but did not specify whether that number represented *only* those light cashier jobs Tidwell was capable of performing or not.

not constitute "significant numbers"). Tidwell argues that the three specified positions are in fact sedentary rather than light, based on the VE's discussion of certain aspects of each position. However, all of the VE's testimony as to the requirements of each position was framed by the ALJ's hypothetical questions, which described an applicant of light exertional capabilities. Tidwell also argues that the number of jobs available was too small to support a finding of sufficient work available, but the VE made clear that the three job categories in question were merely examples of the jobs Tidwell could perform, and our prior cases indicate that the numbers at issue in this case constitute substantial evidence of other available work which exists in significant numbers in the national economy.

 Tidwell makes two more arguments, neither of which have merit. She asserts that the ALJ's decision that her foot and back impairments were not severe impairments was not supported by substantial evidence. On the contrary, however, the ALJ considered the medical evidence presented and found that it did not support Tidwell's claims of impairment and determined Tidwell's account of her foot and back impairments not to be credible. Tidwell has not challenged that credibility determination, and she has not demonstrated a lack of substantial evidence supporting the ALJ's decision. Finally, Tidwell argues that the ALJ erred in not giving controlling weight or substantial deference to Dr. Gaston's opinion that she met or equaled the definition of disability set out at 20 C.F.R. pt. 404, subpt. P, app. 1, Listing 1.04 (1997),[2] which would have resulted in an automatic finding of disabled. The ALJ indicated that he had

considered Dr. Gaston's opinion, but found it "not consistent with objective findings of other examining and treating specialists and therefore, not entitled to great weight." A.R. at 21. A treating physician's opinion should be given greater weight "only if the treating physician's opinion is based on sufficient medical data." *Houston v. Sec'y of Health and Human Servs.*, 736 F.2d 365, 367 (6th Cir.1984). The ALJ's decision was based on substantial evidence.

### III. CONCLUSION

Because we find that none of Tidwell's claims of error have merit, we **AFFIRM** the decision of the district court.

---

**2.** Listing 1.04 was amended in November 2001, and the current equivalent impairment listing is 20 C.F.R. pt. 404, subpt. P., app. 1, Listing 1.02(B), at 442 (2003). *See* Revised Medical Criteria for Determination of Disability, Musculoskeletal System and Related Criteria, 66 Fed. Reg. 58,010, 58040 (Nov. 19, 2001).