**Bill N. RANGE, Plaintiff–Appellant,**

v.

**SOCIAL SECURITY
ADMINISTRATION,
Defendant–Appellee.**

No. 03–5546.

United States Court of Appeals,
Sixth Circuit.

March 30, 2004.

P. Heith Reynolds, Wolfe, Williams & Rutherford, Norton, VA, for Plaintiff–Appellant.

Charles R. Goldstein, Social Security Administration, Office of the General Counsel, Chicago, IL, Loretta Simonetti Harber, Asst. U.S. Attorney, U.S. Attorney's Office, Knoxville, TN, for Defendant–Appellee.

Before MOORE, SUTTON, and FRIEDMAN,* Circuit Judges.

## ORDER

Bill N. Range appeals a district court order affirming the Commissioner's denial of his application for social security disability insurance benefits. The parties have waived oral argument and this panel unanimously agrees that oral argument is not needed. Fed. R.App. 34(a).

Range filed an application for social security disability insurance benefits on May 16, 2000. Range was born on June 2, 1938. Although Range stated that he had a tenth or eleventh grade education, in addition to attending mechanics school, Range claimed that he was illiterate. He previously worked as a farmer and as an automobile mechanic and body worker. Range was allegedly disabled due to inner ear problems, dizziness, loss of balance, 100% deafness in the left ear, 60% deafness in the right ear, and diverticulitis.

After a hearing, an administrative law judge (ALJ) concluded that Range could perform a substantial number of jobs in the economy. Therefore, the ALJ denied benefits. The Appeals Council declined to review the ALJ's decision. Range then sought judicial review of the Commissioner's decision. The district court subsequently affirmed the denial of benefits and granted judgment to the Commissioner.

 Our review is limited to determining whether there is substantial evidence in the record to support the ALJ's findings of fact and whether the ALJ applied the correct legal standards. *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997). We must affirm the ALJ's decision if his findings and inferences are reasonably drawn from the record or supported by substantial evidence even if that evidence can support a contrary decision. *Id.*

Range asserts that the Commissioner erred by failing to conclude that he was disabled under 20 C.F.R. Part 404, Subpart P, Appendix 2 (medical-vocational guidelines). Range states that under Rule 203.01 of Appendix 2, he would be found disabled. Range states that the ALJ erred in listing jobs at the sedentary level due to his age. Range notes that at the sedentary level, an individual of advanced age with limited or less education, with unskilled or no transferable skills, would be found disabled under Rules 201.01 and 202.02. Therefore, Range asserts that the ALJ erred when he was not found disabled under Rule 203.01.

---

* The Honorable Daniel M. Friedman, United States Circuit Judge for the Federal Circuit, sitting by designation.

The record reflects that the ALJ did not apply Appendix 2 in Range's case because Range has nonexertional impairments. Specifically, Range could not work in unprotected heights or around moving machinery, he could not drive commercial vehicles, and he could not work in a position which used the telephone. Because Range's nonexertional impairments prevented him from performing a full range of work at any exertional level, the ALJ was required to ask a vocational expert to consider whether Range could perform any jobs with his particular residual functional capacity and vocational characteristics. *Wright v. Massanari*, 321 F.3d 611, 616 (6th Cir.2003).

 In general, where the characteristics of a claimant exactly match the characteristics in one of the rules of Appendix 2, the guidelines determine whether significant numbers of other jobs exist for the person or whether that person is disabled. *Id.* at 615. However, in a situation where impairments do not precisely match any specific rule, the guidelines are used as a framework to determine whether a claimant is disabled. *Id.* When the nonexertional limitation restricts a claimant's performance of the full range of work at the appropriate residual functional capacity level, the nonexertional limitations must be taken into account and a nonguideline determination made. *Id.* at 616. Range requests the court and the Commissioner to ignore his nonexertional limitations and to place him in a category on the guidelines that will mandate a finding of disability. There is no justification for Range's position. *Id.* As Range's conditions do not satisfy the exact requirements of the medical-vocational guidelines, the ALJ was entitled to rely on the testimony of a vocational expert in reaching his decision. *Id.*

 Range contends that the ALJ erred in determining that he had a marginal education rather than being illiterate. Under 20 C.F.R. § 404.1564(a), the regulations provide that if an individual has no formal schooling, this does not mean that the individual is uneducated or lacks abilities. The regulation notes that past work experience and the kind of responsibility the claimant had when the claimant was working could show the intellectual abilities of the claimant, despite having little formal education. A claimant's daily activities, hobbies, or results of testing could also show the intellectual ability of a claimant. The term education also includes how well an individual is able to communicate in English. 20 C.F.R. § 404.1564(b). Illiteracy is deemed to be an inability to read or write. A person is considered illiterate if the person cannot read or write a simple message such as instructions or inventory lists even though the person can sign his or her name. Generally, an illiterate person has little or no formal schooling. 20 C.F.R. § 404.1564(b)(1). In contrast, a marginal education means abilities in reasoning, arithmetic, and language skills which are needed to perform simple unskilled types of jobs. The Commissioner considers a formal schooling at a sixth grade level or less to be a marginal education. 20 C.F.R. § 404.1564(b)(2). Although Range testified that he could not read or write, Range did have a tenth or eleventh grade education and attended mechanics school. He also performed semiskilled work his entire life. Under the regulations, Range's education level and skills do not satisfy the definition of illiterate. The only evidence of Range's alleged illiteracy is his testimony. His education and work experience support the ALJ's conclusion that Range has a marginal education. 20 C.F.R. § 404.1564(b).

Accordingly, we affirm the district court's order.