Harry L. SNIDER, Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY, Defendant.

No. 01–10012–BC.

United States District Court, E.D. Michigan, Northern Division.

July 19, 2004.

Lewis M. Seward, Seward, Tally, Bay City, MI, for Plaintiff.

William L. Woodard, U.S. Attorney's Office (Detroit), Detroit, MI, for Defendant.

*OPINION AND ORDER ADOPTING IN PART AND REJECTING IN PART MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, GRANTING IN PART PLAINTIFF'S MOTION TO REMAND, AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT TO AFFIRM THE DECISION OF THE COMMISSIONER*

LAWSON, District Judge.

The plaintiff filed the present action on February 16, 2001 seeking review of the Commissioner's decision denying the plaintiff's claim for a period of disability and disability insurance benefits Title II of the Social Security Act. The case was referred to United States Magistrate Judge Charles E. Binder pursuant to 28 U.S.C. § 636(b)(1)(B) and E.D. Mich. LR 72.1(b)(3). Thereafter, the plaintiff filed a motion to remand the case to the Commissioner for further proceedings. The defendant filed a motion for summary judgment requesting affirmance of the decision of the Commissioner, to which the plaintiff replied.

Magistrate Judge Binder filed a report and recommendation on November 19, 2001 recommending that the plaintiff's motion to remand be denied, the defendant's

motion for summary judgment be granted, and the findings of the Commissioner be affirmed. The plaintiff filed timely objections to the recommendation, to which the defendant responded, and this matter is now before the Court.

The Court has reviewed the file, the report and recommendation, the plaintiff's objections and the defendant's response thereto, and has made a *de novo* review of the administrative record in light of the parties' submissions. The plaintiff's objections challenge the magistrate judge's conclusion that substantial evidence supports the decision of the Administrative Law Judge (ALJ) that the plaintiff is not disabled. The plaintiff argues that the findings of the ALJ are inconsistent with the reports of the plaintiff's treating physicians and are due to a lack of an evaluation of the plaintiff's non-exertional impairments relating to his closed head injury. The plaintiff argues that the ALJ should have developed the record further, even to the extent of ordering additional medical tests concerning the plaintiff's documented closed head injury. The plaintiff contends that this case should be remanded for the ALJ to consider additional evidence either because substantial evidence does not support the Commissioner's findings or because there is new evidence that ought to be considered.

The plaintiff, who is now fifty-one years old, applied for a period of disability and disability insurance benefits on November 27, 1998, when he was forty-five years old. The plaintiff has a twenty-five-year, uninterrupted work history up to the point of his disability, and most recently he worked for ten years as compounder making molded plastic parts and as a mixer in a factory. He last worked on September 30, 1997, which was the date he alleged his disability began. The record disclosed that the plaintiff was involved in a motor vehicle accident on September 29, 1997.

As his attorney candidly admits, the resulting injuries were "fairly benign," but after treatment in the emergency room and an ensuing hospital stay the plaintiff's complaints of headaches and dizziness persisted, and he was diagnosed with a closed head injury. He has not worked since.

In his application for disability insurance benefits, the plaintiff alleged that he was unable to work due to the closed head injury, which caused him to have residual headaches, dizziness, and shoulder pain. His claim was initially denied, and the denial was upheld on reconsideration. On May 5, 2000, the plaintiff appeared before ALJ Earl Witten when he was forty-seven years old. ALJ Witten filed a decision on June 30, 2000 in which he found that the plaintiff was not disabled. The ALJ reached that conclusion by applying the five-step sequential analysis prescribed by the Secretary in 20 C.F.R. § 404.1520. The ALJ concluded that the plaintiff had not engaged in substantial gainful activity since September 30, 1997 (step one); the medical evidence in the plaintiff's case established that he has "severe" degenerative arthritis of the cervical spine and dizziness status post-closed-head injury (step two); these impairments did not by itself or in combination meet or equal a listing in the regulations (step three); and the plaintiff could not perform his previous work as a compounder or mixer, which the ALJ characterized as semi-skilled and requiring heavy exertional effort (step four).

In applying the fifth step, the ALJ concluded that the plaintiff retained the functional capacity to perform a range of light work, limited by the requirements of a sit-or-stand option; no overhead work or use of air or vibratory tools; no work at unprotected heights or around moving machinery; and no repetitive neck movements. Relying on the testimony of a vocational expert, the ALJ found that such jobs as

sorter/folder, security monitor, electrical assembler, gate attendant, and parking lot attendant fit within those limitations, and that these jobs existed in significant numbers in the local and regional economies. Following the decision by the ALJ, the plaintiff appealed to the Appeals Council, which denied the plaintiff's request for review on November 18, 2001.

The plaintiff does not contest the proposition that he has the burden to prove that he is disabled and therefore entitled to benefits. *See Boyes v. Sec'y of Health & Human Servs.*, 46 F.3d 510, 512 (6th Cir. 1994); *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir.1990). Under 42 U.S.C. § 423(d)(1)(A) & (B), a person is disabled if she is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment" and the impairment is so severe that the person "is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful activity which exists in the national economy." Further, "[a] physical or mental impairment is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(1)(C).

█ To determine disability, the Commissioner has prescribed the five-step process noted above and set forth in 20 C.F.R. § 404.1520. However, if the plaintiff has satisfied his burden through the first four steps of the analytical process, the burden shifts to the Commissioner to establish that the plaintiff possesses the residual functional capacity to perform other substantial gainful activity. *Varley v. Sec'y of Health & Human Services*, 820 F.2d 777, 779 (6th Cir.1987). *See also Allen v. Califano*, 613 F.2d 139, 145 (6th Cir.1980). "To meet this burden, there must be a

finding supported by substantial evidence that plaintiff has the vocational qualifications to perform specific jobs." *Varley*, 820 F.2d at 779 (internal quotes and citations omitted).

█ Here, the ALJ concluded that the Commissioner met his burden of proving that the plaintiff could perform some work that was available in the national economy. The Court's task in reviewing a Social Security disability determination is a limited one. The ALJ's findings are conclusive if they are supported by substantial evidence, according to 42 U.S.C. § 405(g). Consequently, the Court's review is confined to determining whether the correct legal standard was applied and whether the findings are supported by substantial evidence on the whole record. *See Wright v. Massanari*, 321 F.3d 611, 614 (6th Cir.2003). " 'Substantial evidence' means 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " *Kirk v. Sec. of Health & Human Services*, 667 F.2d 524, 535 (6th Cir.1981) (quoting *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971)). This Court may not base its decision on a single piece of evidence and disregard other pertinent evidence when evaluating whether substantial evidence exists in the record. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir.1978). Thus, where the Commissioner's decision is supported by substantial evidence, it must be upheld even if the record might support a contrary conclusion. *Smith v. Sec. of Health & Human Services*, 893 F.2d 106, 108 (6th Cir.1989). The Sixth Circuit has stated that the role of the Court "is not to resolve conflicting evidence in the record or to examine the credibility of the claimant's testimony." *Wright*, 321 F.3d at 614. Therefore, the Court "may not try the case *de novo*, nor

resolve conflicts in evidence, nor decide questions of credibility." *Garner v. Heckler,* 745 F.2d 383, 387 (6th Cir.1984).

■ The ALJ and the magistrate judge adequately summarized the evidence in the record, and that summary need not be repeated here. It is sufficient to observe that no medical provider or examiner had opined that the plaintiff's functional limitations were inconsistent with work at a light exertional level, which the Secretary defines as work that

> involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. § 404.1567(b). Although the plaintiff testified at the administrative hearing that he could not work due to persistent dizziness, the ALJ found that his testimony was not fully credible. The ALJ likewise rejected the opinions of treating Doctors Salman and Dias that dizziness would prevent full-time work because the ALJ found that those opinions were "not supported by any objective medical evidence of record[ ] whatsoever." Tr. at 16.

■ The plaintiff does not criticize the ALJ's finding as such, but he does complain that the ALJ failed to develop the record more fully. As the magistrate judge observed, the ALJ is charged with the duty to fully develop the record touching on the claimant's disability, and this duty is especially acute when the plaintiff is unrepresented. *See Richardson,* 402 U.S. at 411, 91 S.Ct. 1420; *Lashley v. Sec'y of Health & Human Services,* 708 F.2d 1048, 1051–52 (6th Cir.1983). The magistrate judge believed that the plaintiff was represented in the proceedings by counsel, but the Court does not accept that finding under the circumstances of this case where the representation consisted of the aid of a non-lawyer whose involvement began the day before the hearing. Nonetheless, the Court agrees that the ALJ did not fail to discharge his duty when he did not order additional medical testing. As the attorney for the Commissioner aptly observed, even the plaintiff's treating neurologist did not order neuropsychological testing, although that is a common diagnostic course in traumatic brain injury cases.

■ The Court agrees with the magistrate judge that the ALJ's credibility determination, which is afforded considerable deference, is supported by substantial evidence. Likewise, the ALJ did not err in rejecting the opinions on disability by Drs. Salman and Dias. The Rule promulgated by the Secretary states that: "more weight [will be given] to opinions from your treating sources, since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or reports of individual examinations, such as consultative examinations or brief hospitalizations." 20 C.F.R. § 404.1527(d)(2). The Sixth Circuit has consistently applied this rule. A treating physician's opinion should be given greater weight than those opinions of consultative physicians who are

hired for the purpose of litigation and who examine the claimant only once. *See Jones v. Sec'y of Health & Human Services,* 945 F.2d 1365, 1370 & n. 7 (6th Cir.1991); *Farris v. Sec'y of Health & Human Services,* 773 F.2d 85, 90 (6th Cir. 1985). If a treating physician's opinion is not contradicted, complete deference must be given to it. *Walker v. Sec'y of Health & Human Services,* 980 F.2d 1066, 1070 (6th Cir.1992); *King v. Heckler,* 742 F.2d 968, 973 (6th Cir.1984). However, a treating physician's opinion may be rejected if there is good reason to do so. *Hall v. Bowen,* 837 F.2d 272, 276 (6th Cir.1988). The Sixth Circuit has held that treating physicians' opinions "are only given such deference when supported by objective clinical evidence." *Warner v. Comm'r of Soc. Sec.,* 375 F.3d 387 (6th Cir.2004) (citing *Jones v. Comm'r of Soc. Sec.,* 336 F.3d 469, 477 (6th Cir.2003)). Where a treating physician renders an opinion using legal language as opposed to medical terminology, the Court may likewise reject it if it is not supported by clinical evidence in the record. *See Casey v. Sec'y of Health & Human Services,* 987 F.2d 1230, 1234–35 (6th Cir.1993). Here, the ALJ accurately observed that there was "a paucity of objective medical evidence of record documenting the existence of any medically determinable impairment [that] possible could cause the claimant the severe disabling symptomatology that is alleged." Tr. at 15. There was no error therefore in placing little weight on Drs. Salman's and Dias' opinions on disability.

The plaintiff has moved alternatively for a remand to the Commission under sentence four of 42 U.S.C. § 405(g), which states:

The Court shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.

The authority conferred upon the Court by this sentence is subject to the substantial evidence rule noted above. Sentence five of Section 405(g) states: "The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive...."

The magistrate judge suggested that substantial evidence exists in this record to support the ALJ's determination that the plaintiff was not disabled. For the reasons stated earlier, the Court agrees. A remand pursuant to sentence four of Section 405(g) is not called for here.

Alternatively, the plaintiff believes that a remand under sentence six of that statute is appropriate in order to consider new and material evidence, that is, the report of the neuropsychological testing performed approximately one year after the administrative hearing. "In order to obtain a remand for further administrative proceedings, [sentence six of] Section 405(g) clearly requires a showing of both materiality and good cause." *Cline v. Commissioner of Social Security,* 96 F.3d 146, 149 (6th Cir.1996). In *Cotton v. Sullivan,* 2 F.3d 692, 695–96 (6th Cir.1993), the court of appeals reversed the district court's judgment in favor of a Social Security claimant where the district court based its determination in part on evidence that had been submitted to the Appeals Council but never submitted to the ALJ. The court noted that the district court's option in such circumstances is to remand to the Agency, but only if good cause can be demonstrated. In passing, the court made reference to the Eighth Circuit's decision in *Nelson v. Sullivan,* 966 F.2d 363 (8th Cir.1992), which it declined to follow, but nonetheless in which the court stated: "when new and material evidence is submitted to the Appeals Council, ... [t]he newly submitted evidence is to become part of what we will loosely describe

here as the 'administrative record,' even though the evidence was not originally included in the ALJ's record. If the Appeals Council does not consider the new evidence, a reviewing court may remand the case to the Appeals Council *if the evidence is new and material.*" *Id.* at 366 (emphasis added).

In *Wyatt v. Secretary of Health and Human Services,* 974 F.2d 680, 685 (6th Cir.1992), the court of appeals noted that where new evidence is presented after the administrative hearing is closed, the "court can remand for further consideration of the evidence only where the party seeking remand shows that the new evidence is *material.*" 974 F.2d at 685 (emphasis added). This rule extends to all stages following the hearing before the ALJ, including where new evidence is presented on appeal to the Sixth Circuit. *See Howard v. Comm'r of Soc. Sec.,* 276 F.3d 235, 243 (6th Cir.2002). "In order for the claimant to satisfy his burden of proof as to materiality, he must demonstrate that there was a reasonable probability that the Secretary would have reached a different disposition of the disability claim if presented with the new evidence." *Sizemore v. Secretary of Health and Human Services,* 865 F.2d 709, 711 (6th Cir.1988) (citing *Carroll v. Califano,* 619 F.2d 1157, 1162 (6th Cir.1980)).

The magistrate judge concluded that the plaintiff demonstrated good cause for failing to include Dr. Williams' report of the neuropsychological testing in the record, but that the report is neither "new" nor "material." The Court disagrees. The report constitutes the first objective evidence that documents a closed head injury that includes cognitive deficits. It diagnoses dementia and confirms impairments in areas not previously discussed by the treating doctors, namely problems with concentration, attention, abstract reasoning, visual and motor ability, and verbal memory. The magistrate judge focused on other medical records in which the plaintiff's normal findings were documented, and indeed the normal findings in Dr. Williams' report are cumulative of those. But the neuropsychological testing report also contains a new diagnosis, information, and test results that were not taken into account by the ALJ.

Likewise, this Court believes that if the Commissioner is presented with evidence that the plaintiff has dementia and cognitive deficits, there is a reasonable probability of a different determination regarding the plaintiff's functional limitations. Dizziness can be a result of a traumatic brain injury, and Dr. Williams confirms the existence of such an injury, which he attributed to the automobile accident. That event, of course, marked the onset of the plaintiff's dizziness episodes. Thus, Dr. Williams' findings could be considered as confirmatory of the plaintiff's other accident sequelae about which he testified, and they could fill in the gap left by the "paucity" of objective medical evidence that troubled the ALJ. Of course, the Court cannot predict a different outcome, and indeed there may not be if a vocational expert can find significant jobs that accommodate any additional limitations that might be determined. But the plaintiff ought to have the benefit of consideration at the agency level of all the evidence, and it is certainly not his fault that the neuropsychological testing was not ordered earlier.

After a *de novo* review of the entire record and the materials submitted by the parties, the Court concludes that the magistrate judge properly reviewed the administrative record and applied the correct law in reaching his conclusion that substantial evidence supports the decision of the Commissioner. However, the Court disagrees with his conclusion that the plaintiff failed

to make out a case for a sentence six remand.

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation is **ADOPTED** in part and **REJECTED** in part.

It is further **ORDERED** that the plaintiff's motion for to remand [dkt # 17] is **GRANTED IN PART** and **DENIED IN PART.**

It is further **ORDERED** that the defendant's motion for summary judgment [dkt # 20] is **DENIED.** The findings of the Commissioner are **VACATED,** and the matter is **REMANDED** to the Social Security Commission for further proceedings.