NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 05a0258n.06
Filed: April 5, 2005

Case Nos. 03-4511, 03-4512, 03-4513

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| CHRISTA STRONG, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE NORTHERN |
| COMMISSIONER OF SOCIAL SECURITY, | ) | DISTRICT OF OHIO |
| | ) | |
| Defendant-Appellee. | ) | |
| | ) | |
| _____ | ) | |
| | ) | |
| | ) | |

BEFORE:  MARTIN and BATCHELDER, Circuit Judges; JORDAN[*], District Judge.

**ALICE M. BATCHELDER, Circuit Judge.**  Plaintiff-Appellant Christa Strong ("Strong")

appeals the district court's denial of her application for Child's Insurance Benefits (CIB).  In April

of 1999, Strong applied for CIB on her husband's earnings on behalf of her son, Keegan Wantz.  The

Social Security Administration denied the application and Strong filed a request for a hearing before

an Administrative Law Judge ("ALJ").  On September 6, 2001, Strong and her husband, Timothy

Strong, testified at a hearing before the ALJ.  The ALJ found that Keegan did not receive at least

one-half of his support from his stepfather, Timothy Strong, for at least one year immediately

preceding the date of the application.  The ALJ denied the application for benefits and Strong

---

[*]The Honorable R. Leon Jordan, District Judge for the United States District Court for the Eastern District of
Tennessee, sitting by designation.

appealed. The Appeals Council vacated the ALJ's decision and remanded Strong's claim for further proceedings before the ALJ, including a supplemental hearing.

After conducting a supplemental hearing, the ALJ issued a written decision again denying Strong's claim because Keegan did not receive at least one-half of his support from Timothy Strong for at least a year immediately preceding the date of the application for CIB. The ALJ decided not to use the "pooled fund method," which assumes that all income coming into the household is pooled for the support of the household and that each member shares equally in the funds used for support, to calculate the amount of support that Timothy Strong provided. The Appeals Council denied Strong's request for review and the ALJ's decision became the final decision of the Social Security Commissioner.

Pursuant to 42 U.S.C. § 405(g), Strong filed an action for review of the Commissioner's decision in United States District Court. On September 8, 2003, a Magistrate Judge entered judgment in favor of the Commissioner and Strong's timely appeal followed.[1]

Our review of the Commissioner's decision is confined to whether the ALJ applied the correct legal standards and whether the ALJ's factual findings were supported by substantial evidence. 42 U.S.C. § 405(g). "'Substantial evidence' means 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Wright v. Massanari*, 321 F.3d 611, 614 (6th Cir. 2003) (quoting *Kirk v. Secretary of Health and Human Servs.*, 667 F.2d 524, 535 (6th Cir. 1981)). We must affirm the ALJ's decision if his findings are drawn from the record and are supported by substantial evidence, even if that evidence

---

[1]Strong also filed CIB claims on behalf of her other two children, Kaia and Rane Wantz. The three cases were consolidated for the purposes of this appeal because they involve the exact same facts and legal issues.

2

could support a contrary decision. *Casey v. Secretary of Health & Human Servs.,* 987 F.2d 1230, 1233 (6th Cir. 1993).

Having had the benefit of oral argument, and having carefully considered the record on appeal and the briefs of the parties, we are unable to say that the Commissioner's denial of Strong's application for CIB benefits is not supported by substantial evidence. Because the issuance of a full opinion would serve no jurisprudential purpose and would be duplicative, we **AFFIRM** the district court's denial of CIB benefits on the basis of the ALJ's well-reasoned opinion.