**NOT RECOMMENDED FOR FULL TEXT PUBLICATION**
File Name: 09a0636n.06

**No. 08-4500**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
**Sep 09, 2009**
LEONARD GREEN, Clerk

|  |  |  |
|---|---|---|
| Regina S. Beinlich, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | **ON APPEAL FROM THE UNITED** |
| v. | ) | **STATES DISTRICT COURT FOR** |
| | ) | **THE SOUTHERN DISTRICT OF OHIO** |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant-Appellee. | ) | |

**BEFORE:  KENNEDY, ROGERS, Circuit Judges, and HOOD[*], District Judge.**

**CORNELIA G. KENNEDY, Circuit Judge.**  Plaintiff-appellant Regina Beinlich appeals from the district court's affirmance of the denial of her application for Supplemental Security Income ("SSI") benefits under Title XVI of the Social Security Act ("the Act").  The Administrative Law Judge ("ALJ") denied the plaintiff benefits because he found that there were a sufficient number of jobs in the national economy that she could perform even with her impairments, and the district court held that substantial evidence supported this finding.  The plaintiff contends (1) that the ALJ erred by failing to make a proper inquiry into the conflict between the jobs identified by the Vocational Expert ("VE") and their description in the Dictionary of Occupational Titles (DOT), as required by Social Security Ruling (SSR) 00-4p, and (2) that the district court erred by considering facts not relied upon by the ALJ.  Because the arguments raised by Beinlich are foreclosed by our decision in *Lindsley v. Commissioner of Social Security*, 560 F.3d 601 (6th Cir. 2009), we **AFFIRM**.

---

[*]The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

**BACKGROUND**

Beinlich was thirty-seven years old on November 15, 2001, the date she alleges she became disabled as a result of neck, lower back, and hip pain coupled with fatigue and a limited attention span. Beinlich has a high school education and two years of vocational training in stenography. She worked for several years in a landscaping and lawn care business she owned with her husband, and after their divorce she started her own lawn care company.

The plaintiff filed an application for SSI on October 17, 2003. SSI is available to individuals who qualify as "disabled" within the meaning of 42 U.S.C. § 1382. Her application was initially denied by the Social Security Administration, and she filed a timely request for a hearing.

On September 26, 2005, the plaintiff and her counsel appeared at a hearing held before an administrative law judge. The ALJ found that the plaintiff could perform at a job with the following limitations: she cannot work directly with the general public; she will miss one day per month on average; the job cannot be highly stressful; she must be allowed to sit or lie down at lunch time; she must have the option to sit or stand at will; she should be kept away from unprotected heights and dangerous machinery; she should not be expected to stand for more than one hour, lift more than ten pounds, or lift more than one pound over her head.

The vocational expert testified regarding the jobs in the local and national economy that could be performed by an individual with the plaintiff's education and limitations:

Q      Under this hypothetical do you have any jobs for her?
A      If these were her limitations, yes, there would be jobs that she could perform. They would be at the sedentary, unskilled level. Examples of such work would be that of office clerk, of which there's 50 locally, and that's the Huntington labor market, and 61,000 nationally. Additionally, there would be production work at the sedentary, unskilled level also. Approximately 50

2

locally and 57,000 nationally. There would be surveillance system monitor work.

Q    Excuse me, temporarily let's skip over that one. Do you have a fourth one?
A    Okay, there would be inspectors or testers, only 10 of those locally, but 14,000 nationally.
Q    Okay, well that's enough numbers there. What does a sedentary unskilled office clerk do?
A    This is an individual who works under a more skilled clerical workers, typically, would be perhaps preparing mailing, perhaps sorting incoming mail, collating, documentation preparation.
Q    What does sedentary, unskilled production worker do?
A    This is an individual who may be assembling small items, cosmetics for example or other small utensils for shipment out.
Q    What does sedentary unskilled inspector/tester do?
A    This individual would use either a fixed gauge or would weigh finished products to be sure they meet production requirements.
Q    Okay, do all the jobs meet all the limitations in the hypothetical?
A    Yes.
Q    And do all, and do these jobs exist throughout the various regions in the economy?
A    They do.
Q    And would all the employers in all the jobs you've named actually permit these accommodations and limitations?
A    Yes.
. . .
Q    And is there any discrepancy between your opinions and the DOT standards for the requirements of the jobs you named?
A    No, sir.

Plaintiff's attorney did not ask the VE any questions.

On December 28, 2005, the ALJ issued a written decision holding that the plaintiff was not entitled to SSI benefits. Applying the first four steps of the five-step analytical process set forth in 20 C.F.R. § 416.920, the ALJ found that the plaintiff was not engaged in any substantial gainful activity; that she has impairments that were considered "severe"; that the impairments do not meet or equal the listed impairments of appendix 1; and that she could not perform past relevant work. Turning to step five, the ALJ relied on the testimony of the VE to find that the plaintiff "is capable

3

of making a successful adjustment to work that exists in significant numbers in the national economy." As a result, the ALJ concluded that she was not "disabled" within the meaning of the Act, and therefore not entitled to SSI benefits. The Appeals Council denied the plaintiff's request for review on August 11, 2006.

On November 7, 2006, the plaintiff sought judicial review of this determination by bringing this action against the Commissioner of Social Security in the Southern District of Ohio. The magistrate judge recommended that the decision of the Commissioner be affirmed, and the district court adopted this recommendation over the plaintiff's objections. The plaintiff now appeals.

## ANALYSIS

### A. Standard of Review

We review the decision of the district court de novo, *White v. Comm'r of Soc. Sec.*, 572 F.3d 272, 281 (6th Cir. 2009), but will affirm the Commissioner's decision unless the "ALJ has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 422 (6th Cir. 2008) (citing 42 U.S.C. § 405(g)). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "In deciding whether to affirm the Commissioner's decision, it is not necessary that this court agree with the Commissioner's finding, as long as it is substantially supported in the record." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (citing *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999)).

### B. Conflict between VE Testimony and the DOT

The plaintiff first argues that the VE's testimony conflicts with the job descriptions in the DOT. In support of this argument, she highlights the VE's description of the office clerk, production worker, and inspector/tester jobs as "sedentary unskilled." The plaintiff then points to what she believes to be inconsistent descriptions of these jobs in the DOT: "production worker" is not listed as a position in the DOT, and the DOT classifications for office clerk, inspector, and tester indicate that jobs in these occupations typically require light exertion and skill levels beyond unskilled. In the plaintiff's view, the ALJ cannot rely on VE testimony that contradicts the DOT, and to the extent that this contradiction was not apparent to the ALJ, his inquiry as required by SSR 00-4p was insufficient.

In light of this court's holding in *Lindsley v. Comm'r of Soc. Sec.*, 560 F.3d 601 (6th Cir. 2009), there is no apparent conflict between the VE's testimony and the DOT. In *Lindsley*, the plaintiff claimed that because the DOT failed to list a specific classification called "production inspector," the VE's testimony that the plaintiff could work such a job was insufficient to meet the Step Five inquiry. This court had little difficulty rejecting this argument:

> But Lindsley has not identified any apparent, let alone actual, conflict between the DOT and the testimony of VE Breslin. Instead, Lindsley repeatedly emphasizes that the occupations listed in the DOT do not include the job description of a "light, unskilled production inspector." Lindsley has failed, however, to cite any authority establishing that a conflict between the DOT and a VE's testimony exists simply because an occupation described by the VE does not specifically appear in the DOT.

> Indeed, there is ample authority supporting the contrary conclusion. The fact that VE Breslin's description of a production-inspector job does not align perfectly with the DOT's listed occupation titles should not be surprising given that "[t]he DOT contains information about most, but not all, occupations." S.S.R. 00-4p, 2000 WL 1898704, at *2 (emphasis added). Moreover, as the magistrate judge pointed out in his Report and Recommendation, the DOT's job classifications are collective descriptions of "occupations" that can encompass numerous jobs. *Id.* ("The term 'occupation,' as used in the DOT, refers to the collective description of those jobs.

5

Each occupation represents numerous jobs."); *see also* S.S.R. 96-9p, 1996 WL 374185, at *10 n. 4 (S.S.A. July 2, 1996) ("An 'occupation' refers to a grouping of numerous individual 'jobs' with similar duties. Within occupations (e.g., 'carpenter') there may be variations among jobs performed for different employers (e.g., 'rough carpenter').").

The fact, therefore, that a VE and the DOT might use different terminology to describe employment positions does not establish that a conflict exists between these sources of evidence. Lindsley has pointed to no legal authority or fact in the administrative record indicating otherwise. His first argument is therefore without merit.

*Lindsley*, 560 F.3d at 605. Like Lindsley, Beinlich has failed to identify a conflict between the DOT and the VE's testimony simply because "production worker" is not identified with that name in the DOT.

The fact that some occupations with the terms "office clerk," "inspector," and "tester" were listed in the DOT with different levels of skill and exertion does not change the result. As *Lindsley* makes clear, not all occupations are included in the DOT, and the VE may use terminology that differs from the terms used in the DOT. *See id.* ("The fact, therefore, that a VE and the DOT might use different terminology to describe employment positions does not establish that a conflict exists between these sources of evidence."). The VE testified that there are a subset of jobs for unskilled and sedentary office clerks, inspectors, and testers who have the rest of the plaintiff's limitations; the mere fact that the DOT does not list occupations with those precise terms does not establish that they do not exist. The function of the VE is to advise the ALJ of jobs found among various categories of employment which the plaintiff can perform with her limitations. The ALJ may choose to rely on the VE's testimony in complex cases, given the VE's ability to tailor her finding to an "individual's particular residual functional capacity." *Wright v. Massanari*, 321 F.3d 611, 616 (6th Cir. 2003); *see also* SSR 00-4p (noting that "[t]he DOT lists maximum requirements of occupations

6

as generally performed, not the range of requirements of a particular job as it is performed in specific settings. A VE . . . may be able to provide more specific information about jobs or occupations than the DOT.").

Even if there were an inconsistency, the plaintiff has not pointed to any authority that the ALJ erred in his findings based on the VE's testimony, which went unchallenged by the plaintiff until after the ALJ issued his decision. As an initial matter, neither the ALJ nor the VE is required to follow the DOT. *Wright v. Massanari*, 321 F.3d 611, 616 (6th Cir. 2003) (holding that "the ALJ and consulting vocational experts are not bound by the Dictionary in making disability determinations because the Social Security regulations do not obligate them to rely on the Dictionary's classifications"). The ALJ fully complied with SSR 00-4p when he asked the VE whether there was "any discrepancy between [her] opinions and the DOT standards for the requirements of the jobs [she] named." *See Lindsley*, 560 F.3d at 606 (holding that the ALJ fulfilled his duties when he asked the VE whether there was any "discrepancy between your opinions and the DOT standards," even if the VE did not disclose a conflict). As *Lindsley* makes clear, the ALJ is under no obligation to investigate the accuracy of the VE's testimony beyond the inquiry mandated by SSR 00-4p. *Id.* This obligation falls to the plaintiff's counsel, who had the opportunity to cross-examine the VE and bring out any conflicts with the DOT. The fact that plaintiff's counsel did not do so is not grounds for relief. *See Ledford v. Astrue*, 311 F. App'x 746, 757 (6th Cir. Dec. 19, 2008). The plaintiff's first argument is without merit.

## C. Post-hoc rationalizations

In her second argument, the plaintiff argues that the district court erred by accepting "post-hoc rationalizations" for the ALJ's decision offered by the government's counsel. In support, she

7

points to the district court's comment that there were additional jobs not identified by the VE (such as Weight Tester and Tube Operator) that appear to be consistent with the plaintiff's limitations. She argues that under *SEC v. Chenery Corp.*, 332 U.S. 194 (1947), judicial review of agency action is limited to the reasoning employed by the agency, and should not take into account its position in litigation.

Even if the district court erred, such error is harmless. On de novo review of the finding of the district court, we find that the district court reached the correct result. *See Lindsley*, 560 F.3d at 606-07; *Pasco v. Comm'r of Soc. Sec.*, 137 F. App'x 828, 847 (6th Cir. Jun. 23, 2005) ("Finally, Pasco alleges that the Magistrate Judge and the district court impermissibly used post-hoc rationalizations to uphold the ALJ's decision and did not properly consider all of her assignments of error. Having conducted our own review of the ALJ's decision and found it supported by substantial evidence, we need not address these alleged errors."). Based solely on our own review of the record as a whole before the ALJ, including the uncontradicted testimony of the VE, we agree that substantial evidence supports the ALJ's finding that sufficient jobs exist in the national economy that could be performed by a person with the plaintiff's age, education, skill, and limitations. Therefore, as the district court correctly concluded, the decision of the Commissioner that the plaintiff is not disabled within the meaning of the Social Security Act must be affirmed.

## CONCLUSION

The judgment of the district court is **AFFIRMED**.